

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOE CARL VALDEZ, SR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:08-CV-144 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION
TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner has filed with this Court a form Petition for a Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. §2254. Petitioner is presently incarcerated at the Clements Unit in Amarillo, Texas pursuant to a December 12, 1998 conviction for the offense of robbery out of Travis County, Texas, and the resultant 30-year sentence. For the reasons hereinafter expressed, the Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief fails to present a cognizable ground for relief and should be DISMISSED.

I.
PETITIONER'S ALLEGATIONS

Petitioner appears to argue:

1. Petitioner has been denied medical treatment because TDCJ-CID has not brought in an appropriate specialist to evaluate petitioner's medical condition, to wit: an esophogeal hernia, nor has TDCJ-CID ensured that petitioner receive surgery necessary to alleviate his medical condition;

2. TDCJ-CID has subjected petitioner to cruel and unusual punishment by refusing to comply with petitioner's necessary medical restrictions, namely, by ensuring petitioner is provided a soft food diet and given additional time;

3. TDCJ-CID has intentionally violated the state and Federal Constitutions and laws, as well as TDCJ-CID rules and regulations and Administrative Directives; and

4. Respondents, which have been named in their individual capacities, are not entitled to the defense of qualified immunity.

Petitioner requests this Court award monetary damages, as well as costs and attorney fees.

## II.
## 28 U.S.C. § 2254 v. 42 U.S.C. § 1983

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir. 1994). "[A] § 1983 challenge is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser,* 411 U.S. at 499.

Here, petitioner's allegations challenge an aspect of petitioner's confinement and petitioner seeks monetary relief. Petitioner does not challenge the fact or duration of his confinement, nor does he seek a finding by this Court that would entitle him to a speedier release from prison. Petitioner's claims are not cognizable in a federal habeas corpus action. Petitioner's claims should have been presented as a civil rights complaint under 42 U.S.C. §1983.

This Court declines to redesignate petitioner's pleading as a civil rights complaint as doing so would obligate petitioner to pay the $350.00 filing fee. Petitioner is the one who must decide if

he wishes to pursue this claim in a separate civil rights lawsuit, which requires submission of a complaint on the 42 U.S.C. § 1983 form as well as the payment of the filing fee either in full or in installments pursuant to the PLRA. As petitioner's claims are not cognizable in a federal habeas corpus action the petition should be dismissed.

IV.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the application for a writ of habeas corpus filed by petitioner JOE CARL VALDEZ, SR. be DISMISSED.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 10th day of September 2008.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of

Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).